ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Ensign-Bickford Aerospace & Defense Company | ) ASBCA No. 58671 |
| | ) |
| Under Contract No. DAAE30-03-C-1167 | ) |

APPEARANCE FOR THE APPELLANT:     John C. Person, Esq.
                                  Person & Craver, LLP
                                  Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  Robert B. Neill, Esq.
                                  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE THRASHER
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction arguing the appeal, which pertains to a termination settlement proposal (TSP) submitted following the termination for convenience of the appellant's contract, is premature. Appellant contends the Board retains jurisdiction to decide appellant's appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 26 September 2003, appellant, Ensign-Bickford Aerospace & Defense Company (EBA&D) entered into Contract No. DAAE30-03-C-1167 (hereinafter "the contract") with the U.S. Army Tank-Automotive and Armaments Command; Armament Research, Development and Engineering Center ("TACOM-ARDEC"), Picatinny Arsenal, New Jersey (hereinafter the government) (R4, tab 1).

2. The contract is a cost-plus-fixed-fee type contract for the purchase of a Rapid Wall Breaching Kit ("RWBK"), an Inert Trainer For Rapid Wall Breaching Kit ("IRWBK"), and a Force On Force Trainer For Rapid Wall Breaching Kit ("FOFT-RWBK") (R4, tab 1 at 4, 94-132).

3. Section I of the awarded contract incorporated by reference clauses FAR 52.233-1, DISPUTES (JUL 2002); FAR 52.243-2, CHANGES–COST-REIMBURSEMENT (AUG 1987), ALTERNATE II (APR 1984); and FAR 52.249-6, TERMINATION (COST-REIMBURSEMENT) (SEP 1996) (R4, tab 1 at 56-58).

4. On 16 December 2009, the contracting officer (CO) notified EBA&D that the contract, in its entirety, was terminated under FAR clause 52.249-6, TERMINATION (COST-REIMBURSEMENT), for the convenience of the government, effective that date (R4, tab 53).

5. Settlement responsibility for the terminated contract was assigned to a Defense Contract Management Agency ("DCMA") Termination Contracting Officer ("TCO") (R4, tab 54).

6. On 15 December 2010 EBA&D submitted its TSP in a letter addressed to the TCO along with an SF 1437, Settlement Proposal for Cost-Reimbursement Type Contracts, seeking a total of $1,653,557 (R4, tab 59). In addition to the SF 1437, EBA&D enclosed a second certification page along with the TSP purporting to certify the entire amount in the TSP pursuant to the Contract Disputes Act (CDA) and the Disputes clause in the contract as the amount due the contractor (R4, tab 59 at 23). EBA&D provided a copy of this correspondence by email to the Army CO in addition to the DCMA TCO (R4, tab 59 at 1). The cover letter for the TSP states:

> This document constitutes the termination settlement proposal of Ensign-Bickford Aerospace and Defense Company (EBA&D) under Contract DAAE30-03-C-1167 (the Development Contract) with the United States Government (USG). The Contract required that EBA&D perform certain enhancements to its standard Commercial Off-The-Shelf (COTS) Rapid Wall Breaching Kit (RWBK). Portions of this terminated settlement proposal arguably could be characterized as being more properly the subject of a certified claim under the Contract Disputes Act (CDA), as such costs constitute extra work under the Development Contract. Accordingly, EBA&D attaches the CDA certification to this submission and copies the Contracting Officer (CO) with this document in the event that the CO, in consultation with the TCO, would rather re-characterize this submission as a CDA certified claim. The signed certification statement is included herewith at Tab 1.

(R4, tab 59 at 3) (Footnotes omitted)

7. The CO responded on 6 January 2011 stating in part, "Your termination settlement includes language regarding a claim under the Contract Disputes Act. If you wish any portion of your proposal to be considered a claim, you must submit that portion in accordance with the Contract Disputes Act and FAR 52.233-1 Disputes." (R4, tab 60)

2

8. EBA&D responded on 25 January 2011 addressing the possibility of separate claims and separately submitted certification by stating:

> EBA&D asserts that all costs presented in its termination settlement proposal are sufficiently connected with the USG's decision to terminate the contract for convenience as to warrant inclusion in the settlement proposal....
>
> If, at the conclusion of the negotiating process, the PCO or the TCO determines that certain categories of claimed costs are unallowable with respect to the termination decision, EBA&D will then consider whether to package and present those costs in a separate certified claim. Obviously, due to the one-year time bar to the recovery of termination-related costs, it was prudent to include in the settlement proposal all pre-termination costs incurred by EBA&D.

(R4, tab 62 at 1-2) EBA&D repeated the same language in a letter to the CO on 11 March 2011 stating that its intent was not to present any claims until resolution of the TSP (R4, tab 63 at 1-2).

9. Between July 2012 and May 2013 EBA&D and the TCO, Allan Grace, regularly communicated and exchanged documents regarding the TSP (mot., exs. G-1– G-5).

10. On 20 May 2013, the TCO and Mitch Boggan, EBA&D's Contract Administration Manager, discussed the TSP and the DCAA audit report in a telephone conversation. Mr. Boggan expressed his view to the TCO that an impasse in negotiations would result if the TCO would not agree to a settlement approximating the contractor's request for a net payment in the amount of $1,653,557.00 and that EBA&D would file an appeal with the Board. (Mot., ex. G-7)

11. On 22 May 2013, the TCO issued a letter to EBA&D stating:

> It is apparent that negotiations will not close the gap between our two positions, accordingly, Ensign-Bickford Company shall have 15 days in which to submit any additional information it wishes me to consider before I issue a final decision in this matter. Please consider this letter the 15-day letter required by FAR 49.109-7(b). Prior to COB June 6, 2013 please submit any additional written evidence you wish

3

me to consider that substantiates the amount previously proposed before a final determination is issued.

(R4, tab 71)

12. The next day, on 23 May 2013, EBA&D filed its notice of appeal with the Board, declaring an impasse and that it was appealing the 15 December 2010 claim as included in the submittal of its TSP (mot., ex. G-8).

13. There is no evidence in the record that EBA&D provided any additional information to the TCO in response to the TCO's 22 May 2013 "15-day letter."

14. On 18 July 2013, the TCO transmitted to EBA&D by email an offer to settle the government's termination liability for the contract in the amount of $312,269.00 (mot., ex. G-9). There is no evidence in the record EBA&D responded to the TCO's offer.

## DECISION

*Was the TSP a Cognizable CDA Claim When Submitted?*

The government moves to dismiss this appeal for lack of jurisdiction on the ground that appellant's TSP was not a claim within the meaning of the CDA when it was submitted, and it had not ripened into a claim prior to appellant's filing of its notice of appeal (gov't mot. at 1). Appellant argues in response that its CDA-certified TSP was a "claim" within the meaning of the CDA because it was a "'non-routine submission' by EBA&D [and] was (1) a written demand; (2) seeking as a matter of right; (3) the payment of money in a sum certain." Citing *Rex Systems, Inc. v. Cohen*, 224 F.3d 1367, 1371-72 (Fed. Cir. 2000) (app. opp'n at 6).

In addition, appellant noted in support of its argument, that its "CDA-certified [TSP] included a number of actionable claim items or bases for recovering additional costs" (app. opp'n at 6). The government argues that the fact the TSP was certified at the time of submittal does not convert the TSP into a CDA claim until the parties reach impasse (gov't reply at 5).

We disagree with appellant that its TSP met the criteria of a CDA claim when submitted. It is well established that a TSP is not a CDA claim when submitted to the CO even though it otherwise meets the requirements of the CDA; a TSP is not submitted to the CO for a final decision but is instead submitted for purposes of negotiation. *James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1543-44 (Fed. Cir. 1996). Only after the negotiations reach an impasse, at a point where the contractor demands a final decision, does the TSP become a CDA claim. *Ellett*, 93 F.3d at 1544.

4

We also disagree with appellant concerning the certification issue. The fact that the TSP includes a CDA certification at the time of submittal does not change this rule. *See Voices R Us, Inc.*, ASBCA Nos. 51565, 52307, 01-1 BCA ¶ 31,328 at 154,748 (citing *Ellett*, 93 F.3d at 1543-44). It is unclear from appellant's argument whether its reference to "separate actionable" claims is intended to propose the existence of such claims might somehow convert the TSP as a whole to a CDA claim at the time of submittal or that these claims survive as viable CDA claims before the Board (app. opp'n at 6). In either event, we reject both arguments under the facts of this appeal.

Regarding the possibility that separate claims might convert the TSP into a CDA claim at time of submittal, appellant relies upon language in *ePlus Technology, Inc. v. Federal Communications Commission*, CBCA No. 2573, 12-2 BCA ¶ 35,114 at 172,435: "Further, we find no applicable precedent prohibiting a contractor from presenting its termination for convenience settlement proposal and at the same time fashioning the proposal as a CDA claim" in support of its argument (app. opp'n at 6). The government counters that appellant's reliance upon *ePlus Technology* is misplaced because the facts in *ePlus Technology* are distinguishable from the facts of this appeal (gov't reply at 5-6). We agree with the government. The *ePlus Technology* decision involved a contract for commercial items and did not include a FAR Part 49 termination for convenience clause. The Civilian Board in *ePlus Technology* noted there was no agreement between the parties to follow the settlement process mandated by FAR Part 49 requiring the contractor to submit its TSP and negotiate it until impasse was reached. *ePlus Technology,* 12-2 BCA ¶ 35,114 at 172,436. In contrast, here the parties have agreed to the FAR Part 49 process and, as already discussed, appellant's TSP would not ripen into a CDA claim until the parties reach impasse (SOF ¶ 3).

In addition, the record does not support a finding there are separate claims within the TSP that would survive as separate claims in this case. Appellant identified this possibility in its TSP submittal and the CO immediately informed appellant that if it intended any portion of its proposal to be considered a claim it must do so in accordance with the CDA (SOF ¶ 7). Appellant responded that it was not its intent to present any claims until resolution of the TSP (SOF ¶ 8).

We conclude appellant's TSP was not a cognizable CDA claim when submitted.

*Was there an Impasse Giving Rise to a Cognizable CDA Claim?*

The determination of whether the parties have reached an impasse is an inherently factual determination. It is the point where an objective observer would conclude that resolution through continued negotiation is unwarranted or has been abandoned by the parties and the contractor desires a final decision. *See Central Environmental, Inc.,* ASBCA No. 51086, 98-2 BCA ¶ 29,912 at 148,080; *Rex Systems,* 224 F.3d at 1372-73.

5

However, impasse is not synonymous with dispute. An impasse can exist without either party taking a firm position in opposition to the other; it can occur by the passage of time without resolution when one party evidences a desire to begin the disputes process, refusal to further negotiate, a request to the CO to settle, a unilateral determination by the CO, etc. *See Ellett,* 93 F.3d at 1544; *Rex Systems,* 224 F.3d at 1372; *Central Environmental,* 98-2 BCA ¶ 29,912 at 148,080. Likewise, there need not be an explicit request for a final decision in this context if such request can be implied from the context of the submission. *Rex Systems,* 224 F.3d at 1372 (citing *Ellett,* 93 F.3d at 1543).

The government argues the TSP did not ripen into a claim, i.e., the parties had not reached an impasse, prior to appellant's notice of appeal (gov't mot. at 12). Appellant argues that the TCO's email on 22 May 2013 is objective evidence that further negotiations would be fruitless and an impasse had been reached (app. opp'n at 7-10). That email stated:

> It is apparent that negotiations will not close the gap between our two positions, accordingly, Ensign-Bickford Company shall have 15 days in which to submit any additional information it wishes me to consider before I issue a final decision in this matter. Please consider this letter the 15-day letter required by FAR 49.109-7(b). Prior to COB June 6, 2013 please submit any additional written evidence you wish me to consider that substantiates the amount previously proposed before a final determination is issued.

(SOF ¶ 11)

We conclude the parties did reach an impasse on 22 May 2013. By that date the parties had been in negotiations for over two and half years (SOF ¶¶ 6, 9). On 20 May 2013 the parties discussed the settlement proposal and appellant told the TCO the settlement amount would have to be close to the proposed amount or there would be an impasse in the negotiations and appellant would pursue the disputes process (SOF ¶ 10). We view the email on 22 May 2013 as confirmation from the government that it considered the negotiations at an impasse and intended to issue an appealable settlement by determination final decision (SOF ¶ 11). Therefore, we conclude the parties were at an impasse on 22 May 2013 and appellant's proposal had ripened into a claim submitted for decision.

*Was the Appeal Premature?*

The government also contends, in the alternative, that even if the TCO's letter of 22 May 2013 evidenced the parties had reached an impasse converting the TSP into a claim, appellant's 23 May 2013 notice of appeal was still prematurely filed. The

6

government's position is that if the TSP was converted into a claim on 22 May 2013, it was submitted on that date for a decision by the CO. As a result, both the CDA and the FAR provide that the CO is accorded a reasonable time to either issue a final decision or inform appellant when such a decision will be issued in cases such as this. (Gov't reply at 7-8)

Appellant argues the record plainly demonstrates that the parties had reached an impasse in their negotiations over EBA&D's TSP before EBA&D filed its notice of appeal, and *this* impasse constituted a "deemed denial" of the claim that EBA&D had submitted on 15 December 2010 citing *Central Environmental* (app. opp'n at 10).

We agree with the government that appellant's reliance on *Central Environmental* is misplaced and the facts here do not meet the criteria of a deemed denial. The CDA, as amended, states the law governing the deemed denial of a contractor's claim as follows:

> (5) FAILURE TO ISSUE DECISION WITHIN REQUIRED TIME PERIOD. --Failure by a contracting officer to issue a decision on a claim within the required time period is deemed to be a decision by the contracting officer denying the claim and authorizes an appeal or action on the claim as otherwise provided in this chapter. However, the tribunal concerned may, at its option, stay the proceedings of the appeal or action to obtain a decision by the contracting officer.

41 U.S.C. § 7103(f)(5).

The CDA and the FAR provide that the CO shall issue decisions on submitted claims within a reasonable time, taking into account the size and complexity of the claim, the adequacy of the contractor's supporting data, and any other relevant factors. 41 U.S.C. § 7103(1)(3); FAR 33.211(d). In addition, both the CDA and the FAR mandate in cases such as this, involving a certified claim over $100,000, that the CO is allowed up to 60 days to issue a final decision or inform the contractor of a reasonable date upon which a decision will be issued. *See* 41 U.S.C. § 7103(f)(2); FAR 33.211(c)(2).

We conclude the parties reached an impasse and the proposal ripened into a claim submitted for decision on 22 May 2013. At that point, the TCO had 60 days to issue a decision or inform the contractor of a reasonable date upon which a decision would be issued. Here the TCO, as directed by FAR 49.109-7(b), provided appellant with notice on 22 May 2013 that he would issue a final decision (settlement determination) and provided appellant with 15 days to submit any written evidence for his consideration before issuing a final decision (SOF ¶ 11). Instead of waiting for a final decision,

7

appellant filed its "deemed denial" appeal the next day, 23 May 2013 (SOF ¶ 12). We conclude the TCO's statement on 22 May 2013 was not a deemed denial and appellant's appeal was premature. Although appellant's appeal was premature on 23 May 2013, a reasonable period of time has now passed and the CO has yet to issue a final decision. As we have stated under similar circumstances: "[W]hen at the time we consider a motion to dismiss, an unreasonable period of time has elapsed, no useful purpose would be served by dismissing an appeal and requiring appellant to refile." *Fru-Con Construction Corp.,* ASBCA No. 53544, 02-1 BCA ¶ 31,729 at 156,757. To dismiss this appeal now would be "inefficient and an elevation of form over substance." *Cessna Aircraft Co.,* ASBCA No. 43196, 92-1 BCA ¶ 24,425 at 121,909. Therefore, we retain jurisdiction.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is denied.

Dated: 5 May 2014

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58671, Appeal of Ensign-Bickford Aerospace & Defense Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9